JOHN J. CRUIKSHANK, plaintiff in error, v. JOHN H. BROWN et al., defendants in error.

*Error to Jo Daviess.*

A count in *debt* upon a contract, after setting forth the facts necessary to establish the defendants' liability, further alleged a *promise* to pay in consideration of the premises : *Held*, that the count commencing and concluding in *debt*, was not to be regarded as a count in *assumpsit* merely because the word *promised* was used instead of *agreed*.

No advantage can be taken of a variance between the writ and declaration on a writ of error. It must be taken advantage if by plea in abatement, or by a motion.

A declaration in *debt* contained a count for work done, goods sold, &c. which concluded thus : "undertook and then and there *promised*," &c. *Held*, that it was simply an *indebitatus assumpsit* count, and therefore a misjoinder.

DEBT, in the Jo Daviess Circuit Court, brought by the defendants in error against the plaintiff in error and George Cruikshank. At the March term, 1847, the Hon. Thomas C. Browne presiding, a default was entered, and a judgment rendered in favor of plaintiffs for $6262·48 debt, and $2626·65 damages, against John J. Cruikshank the only defendant served.

*M. Y. Johnson,* for the plaintiff in error.

It is assigned for error, that the action, as shown by the process, is *debt*, and the declaration is in *assumpsit*, each count averring a *promise*. See *Chenot* v. *Lefevre*, 3 Gilm. 637; 1 Chitty's Pl. 394. The declaration should have averred that the defendants "agreed and bound themselves." *Metcalf* v. *Robinson*, 2 McLean, 363.

In an action of *assumpsit*, a count in trover may be joined, but *debt* and *assumpsit* cannot be joined. *Flood* v. *Yandes*, 1 Blackf. 102; 3 U. S. Dig. 630, § 131; *Brill* v. *Neele*, 3 Barn. & Ald. 208; 1 Chitty's Pl. 231; *Metcalf* v. *Robinson*, before cited.

*C. Gilman* argued for the defendants in error, in this Court.

The declaration is substantially good. It is a declaration in *debt*, and not in *assumpsit* as the counsel for the plaintiff

in error contends. The commencement and the conclusion are both regular. The averment of a *promise* merely, does not vitiate the count, but it is often used in declarations in debt. See Morehead's Pr., title "*Declarations in Debt,*" 723, *et seq.; Bishop* v. *Young*, 2 Bos. & Pul. 78; *Flood* v. *Yandes*, cited by plaintiff.

The distinction attempted to be drawn by the Court in *Metcalf* v. *Robinson*, 2 McLean, 363, between the words "promise" and "agree," is entitled to but little weight. It is a distinction without a difference.

A variance between the writ and the declaration, should be taken advantage of by plea in abatement. *Prince* v. *Lamb*, Bre. 298; *Rust* v. *Frothingham*, Ib. 258; *Duval* v. *Craig*, 2 Wheat. 45; *Chirac* v. *Reinicker*, 11 do. 280.

The Opinion of the Court was delivered by

TRUMBULL, J. The plaintiff in error was sued in an action of *debt*, and judgment rendered against him by default for $6262·48 debt, and $2626·65 in damages.

To reverse this judgment the plaintiff assigns a number of errors, which, however, resolve themselves into two: *First*, that "the writ sued out in said cause is in an action of *debt*, and the declaration in *assumpsit*;" *second*, that "it was error in the Court to render any judgment in favor of the plaintiffs below on the pleadings."

The writ which was served only on one of the defendants below who is the plaintiff here, is admitted to be in *debt*.

The declaration contains six counts, the first of which is as follows, viz : "John H. Brown and James W. Brown, partners in trade, under the name of John H. Brown & Co., complain of George Cruikshank and John J. Cruikshank, formerly partners in trade under the name of George Cruikshank & Co., in a plea that they render the said plaintiffs six thousand, two hundred and sixty two $\frac{48}{100}$ dollars which they justly owe said plaintiffs. For that whereas the said defendants, on the first day of February, in the year of our Lord, one thousand eight hundred and forty, at Pittsburgh, made their due bill in writing, and delivered the same to the said plaintiffs, and thereby acknowledged themselves in-

debted to the said plaintiffs, by the said name of their firm of John H. Brown & Co., three thousand dollars, value received, with interest from date, and the said defendants then and there in consideration of the premises, promised to pay the due bill to the said plaintiffs by the name of their firm, John H. Brown & Co., according to the tenor and effect thereof.''

This count, after setting forth such facts as render the defendant liable to pay, alleges also a promise to pay in consideration of the premises. The allegation of a promise to pay might be rejected as surplusage, and the count, which would then unquestionably be in *debt*, would still be good.

We do not however admit, that when a contract is specially declared upon, and the count possesses all the attributes of a count in *debt*, commencing and concluding as such, that it is to be regarded as a count in *assumpsit* merely because the word *promised* is used in place of the word *agreed*. A count in *debt* containing the word *promised* was held good in the cases of *Bishop* v. *Young*, 2 Bos. & Pul. 78, and *Flood* v. *Yandes*, 1 Blackf. 502.

There is, then, no error on account of any variance between the writ and declaration, as to the form of the action, as the declaration manifestly was intended to be, and is, in part, at least, a declaration in *debt*. But if it were not, no advantage could be taken of the variance between the writ and declaration on a writ of error. Variances of that character are matters pleadable in abatement only. *Duval* v. *Craig*, 2 Wheaton, 45; *Chirac* v. *Reinicker*, 11 Wheaton, 280; *Prince* v. *Lamb*, Breese, 278; *Rust* v. *Frothingham*, Ibid. 258; or perhaps, according to modern practice, advantage might be taken of the variance by motion in the Circuit Court.

But while the first count in the declaration is clearly a count in *debt*, the last one, which is upon promises for work done, goods sold, money lent, &c., all in one count, is as clearly in *assumpsit*. It is simply an *indebitatus assumpsit* count, and alleges that the defendants were indebted to the

plaintiffs in the further sum of $20·000 for the work and labor of said plaintiffs by them performed about the business of defendants, and at their request, and also in a like sum of $20·000 for money lent, goods sold, &c., and then concludes as follows : "And being so indebted, the said defendants in consideration thereof, afterwards, to wit, on the day and year last aforesaid, at the county aforesaid, undertook, and then and there promised the said plaintiffs to pay them the said several sums of money in this count mentioned, when the said defendants should be thereunto afterwards requested."

This contains the words "undertook and promised to pay, and possesses every characteristic which distinguishes a count in *assumpsit* from one in *debt*. 1 Chitty's Pl. 394 ; *Chenot* v. *Lefevre*, 3 Gilm. 637.

That *debt* and *assumpsit* cannot be joined, is established by numerous authorities. 1 Chitty's Pl. 231 ; *Brill* v. *Neele*, 3 Barn. & Ald. 208 ; *Metcalf* v. *Robinson*, 2 M'Lean, 363.

There is, then, in this case a joinder of counts which the law will not allow, and though we can see no good reason for the rule in this case, nor why the last count in the declaration should not be equally good in *debt*, as in *assumpsit*, yet the law is otherwise settled, and we are compelled, however reluctantly, to follow it. The case of *Brill* v. *Neele*, is precisely analogous to the present, except that the objection in that case was raised by demurrer. The objection is, however, equally fatal on motion in arrest of judgment, after verdict, or on writ of error. Gould's Pl., ch. 4, § 87 ; 1 Chitty's Pl., 236.

The judgment of the Circuit Court is reversed, and the cause remanded to afford the plaintiffs in that Court an opportunity to amend their pleadings.

*Judgment reversed.*